21-724-cv
Smarter Tools Inc. v. Chongqing Senci Import & Export Trade Co., Ltd.

1         UNITED STATES COURT OF APPEALS

2         FOR THE SECOND CIRCUIT

3         ————————————

4

5         August Term, 2021

6

7  (Submitted: April 26, 2022                  Decided:  January 17, 2023)

8

9         Docket No. 21-724

10

11         ————————————

12

13  SMARTER TOOLS INC.,

14

15         *Plaintiff-Appellant*,

16

17         v.

18

19  CHONGQING SENCI IMPORT & EXPORT TRADE CO., LTD.,

20  CHONGQING AM PRIDE POWER & MACHINERY CO. LTD.,

21

22         *Defendants-Appellees*.

23

24         ————————————

25

26  Before: POOLER, WESLEY, and PÉREZ, *Circuit Judges*.

27

28      Smarter Tools Inc. ("STI") appeals from the February 26, 2021 judgment of

29  the United States District Court for the Southern District of New York (Alison J.

30  Nathan, *J*.) denying STI's petition to vacate an arbitral award and granting

Chongqing SENCI Import & Export Trade Co., Ltd.'s and Chongqing AM Pride

Power & Machinery Co. Ltd.'s (collectively, "SENCI") cross-petition to confirm

that award. The district court agreed with STI that the arbitrator exceeded his

authority by failing to provide a reasoned award as requested by the parties. *See*

*Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, No. 18-cv-2714

(AJN), 2019 WL 1349527, at *4 (S.D.N.Y. Mar. 26, 2019). The district court

remanded to allow the arbitrator to issue a reasoned award. *Id.* at *5. On remand,

the arbitrator issued a final amended award, which STI again challenged in

district court on the grounds that the award was not reasoned and that it

reflected a manifest disregard of the law, and which SENCI again cross-

petitioned to confirm. The district court denied STI's petition to vacate the award

and granted SENCI's cross-petition to confirm the award. *See Smarter Tools Inc. v.*

*Chongqing SENCI Imp. & Exp. Trade Co.*, No. 18-cv-2714 (AJN), 2021 WL 766258, at

*3 (S.D.N.Y. Feb. 26, 2021).

    STI's primary argument on appeal is that the district court erred in

remanding for the arbitrator to issue a reasoned award, in contravention of the

doctrine of functus officio and the Federal Arbitration Act. Absent a finding of

ambiguity, or a minor clerical error, STI argues, once the district court

1    determined that the arbitrator exceeded its authority by failing to issue a

2    reasoned award, the only remedy available was vacatur. STI also argues that the

3    arbitrator's amended award was again not reasoned and reflected a manifest

4    disregard of the law. We disagree.

5            Affirmed.

6                                        _____

7                                        MICHAEL H. GLADSTONE, McCandlish Holton, P.C.
8                                        (Brennan C. Morrissett, *on the brief*), Richmond, VA, *for*
9                                        *Plaintiff-Appellant.*
10
11                                       C. ALEXEI BRENOT, Chiao & Wu, LLP, Pasadena, CA,
12                                       *for Defendants-Appellees.*
13
14
15   POOLER, *Circuit Judge*:

16           Smarter Tools Inc. ("STI") appeals from the February 26, 2021 judgment of

17   the United States District Court for the Southern District of New York (Alison J.

18   Nathan, *J.*) denying STI's petition to vacate an arbitral award and granting

19   Chongqing SENCI Import & Export Trade Co., Ltd.'s and Chongqing AM Pride

20   Power & Machinery Co. Ltd.'s (collectively, "SENCI") cross-petition to confirm

21   that award. The district court agreed with STI that the arbitrator exceeded his

22   authority by failing to provide a reasoned award as requested by the parties. *See*

3

*Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, No. 18-cv-2714

(AJN), 2019 WL 1349527, at *4 (S.D.N.Y. Mar. 26, 2019) ("*Smarter Tools I*"). The

district court remanded to allow the arbitrator to issue a reasoned award. *Id.* at

*5. On remand, the arbitrator issued a final amended award, which STI again

challenged in district court on the grounds that the award was not reasoned and

that it reflected a manifest disregard of the law, and which SENCI again cross-

petitioned to confirm. The district court denied STI's petition to vacate the award

and granted SENCI's cross-petition to confirm the award. *See Smarter Tools Inc. v.

Chongqing SENCI Imp. & Exp. Trade Co.*, No. 18-cv-2714 (AJN), 2021 WL 766258, at

*3 (S.D.N.Y. Feb. 26, 2021) ("*Smarter Tools II*").

　　　　STI's primary argument on appeal is that the district court erred in

remanding for the arbitrator to issue a reasoned award, in contravention of the

doctrine of functus officio and the Federal Arbitration Act ("FAA"). Absent a

finding of ambiguity, or a minor clerical error, STI argues, once the district court

determined that the arbitrator exceeded its authority by failing to issue a

reasoned award, the only remedy available was vacatur. STI also argues that the

arbitrator's amended award was again not reasoned and reflected a manifest

disregard of the law. We disagree.

4

1    Affirmed.

2                              **BACKGROUND**

3        STI, a Virginia corporation, buys and resells tools and power products.

4    SENCI, two Chinese corporations, makes and sells gas-powered generators.

5    Beginning in 2011, and running through June 2013, STI entered into a series of

6    contracts with SENCI to purchase thousands of gas-powered inverter generators,

7    AP2000is, from SENCI. In all, STI ordered and received 17,212 generators for a

8    total purchase price of $6,337,256.57.

9        SENCI sells multiple types of AP2000i generators, including one that is

10   certified by the Environmental Protection Agency, but not by the California Air

11   Resources Board ("CARB"), that can be sold in every state other than California;

12   and a second that is certified by both the EPA and CARB and can be sold in

13   every state including California. A dispute arose between the parties as to

14   whether the generators STI ordered were to be CARB compliant. STI stopped

15   selling AP2000i generators in California because the ones supplied by SENCI

16   were not CARB compliant. STI was subsequently fined $507,000 by CARB for

17   selling non-compliant generators. Relations between the parties broke down, and

it is undisputed that STI owed SENCI $2,402,680.43 for generators on which it

had accepted delivery, but for which it did not pay.

The purchase orders for the AP2000i generators contain an arbitration

clause providing that any dispute arising from the contracts would be resolved

by arbitration, to be conducted in New York City under the International

Commercial Dispute Resolution Procedure of the American Arbitration

Association. Consistent with that requirement, in April 2016, SENCI commenced

an arbitration against STI to collect the monies it was owed. STI counterclaimed,

alleging that many of the generators were defective and failed to comply with

state and federal regulations. STI claimed damages for the fine paid to CARB, as

well as the costs associated with storing and returning unsaleable generators, lost

profits, and damage to STI's goodwill. The parties engaged in discovery, and the

arbitrator held a hearing. The parties agreed that the arbitrator should provide a

reasoned award.

The arbitrator rendered an award on February 23, 2018. After setting out a

brief description of the parties and the proceedings, the original award excluded

the testimony of STI expert witness Herbert Zukerman, along with five exhibits

related to that testimony, because neither the testimony nor the exhibits

"constitute proper rebuttal evidence or testimony, or are otherwise subject to valid grounds for objection." App'x at 286. The arbitrator went on to make two findings. First, the arbitrator stated that:

> Having heard all of the testimony, reviewed all of the documentary evidence and exhibits, I find that SENCI's claims are well-founded and supported by the evidence.

App'x at 288. The arbitrator then found that:

> Having heard all of the testimony, reviewed all of the documentary proofs and exhibits, I do not find support for STI's claims, as set forth in the cross-claims and counterclaim, nor do I find the testimony of Expert Witness Zukerm[a]n given on October 9, 2017 to be credible. Therefore, I find that Mr. Zukerman's testimony . . . is not credible, does not constitute proper rebuttal evidence testimony and must be excluded.

App'x at 288-89. The arbitrator awarded SENCI $2,402,680.43 and denied all of STI's claims against SENCI.

STI petitioned to vacate the award in March 2018 on the grounds that the award was not reasoned, and that the arbitrator manifestly disregarded the law. SENCI cross-petitioned to confirm the award. The district court agreed with STI that the award did "not meet the standard for a reasoned award because it contains no rationale for rejecting STI's claims." *Smarter Tools I*, 2019 WL 1349527,

at *3. The district court noted that the arbitrator gave "no reason . . . for this

finding other than the negative credibility determination as to STI's expert

witness, Zukerman." *Id.* "While this credibility determination does provide a

rationale for rejecting STI's calculations of its lost profits and goodwill, it does

not provide a basis for a dismissal of STI's claims in their totality." *Id.* Noting that

the arbitrator said nothing about STI's arguments that SENCI agreed to deliver

CARB-compliant generators, the district court stated that while "the arbitrator

was not obliged to discuss each piece of evidence presented by STI, he must at

least provide some rationale for the rejection of STI's overall argument for

S[EN]CI's liability" for the award to be considered reasoned. *Id.* In failing to issue

a reasoned award, the district court held, "the arbitrator exceeded his authority

in issuing an award that does not meet the standard of a reasoned opinion." *Id.* at

*4.

Rather than vacate the award, the district court instead chose "to remand

to the arbitrator for clarification of his findings." *Id.* at *5. Vacatur, it noted,

"must be strictly limited in order to facilitate the purpose underlying arbitration:

to provide parties with efficient dispute resolution, thereby obviating the need

for protracted litigation." *Id.* (internal quotation marks omitted).

Following remand, the arbitrator issued a final amended award on January 22, 2020. The amended award provides the same relief as the original award but offers an explanation for why STI's claims failed. The arbitrator found that "[t]he evidence actually presented conclusively established that the Purchase Orders were prepared by STI," and that, under a related agreement, STI was responsible for how the generators were to be branded, including providing the design of the boxes and the warning labels and other tags that were to be placed on the generators. App'x at 228. The arbitrator further found that other than a witness's "unsupported proclamations that STI intended to order EPA and [CARB] certified generators, STI presented no evidence during the Arbitration that STI actually did so." App'x at 229. Rather, "the evidence presented clearly proved that STI never ordered EPA and [CARB] certified generators from Senci." App'x at 229. The arbitrator further stated that:

> STI presented no credible evidence contradicting the express language of the Purchase Orders wherein STI never specified that it sought [EPA-and CARB-certified generators]. Instead the evidence presented unequivocally includes STI's specific admission of that undisputed fact.

App'x at 229. STI again sought to vacate the amended award, and SENCI again sought to confirm it. The district court found that "[u]nlike the initial final award, the final amended award provides a rationale for rejecting STI's counterclaims—namely, that the evidence did not show that STI had ordered EPA- and CARB-certified generators." *Smarter Tools II*, 2021 WL 766258, at *1. Finding the amended award reasoned and not reflecting a manifest disregard of the law, the district court granted SENCI's cross-petition to confirm and dismissed STI's petition to vacate. *See id.* at *1-3. This appeal followed.

## DISCUSSION

We review a district court's decision to confirm or vacate an arbitration award as beyond the arbitrator's powers de novo as to legal issues, and for clear error as to factual findings. *See T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010). A district court's authority to vacate an award "is strictly limited in order to facilitate the purpose underlying arbitration: to provide parties with efficient dispute resolution, thereby obviating the need for protracted litigation." *Id.* at 342 (internal quotation marks omitted). The party moving to vacate an award "bears the heavy burden of showing that the award

falls within a very narrow set of circumstances delineated by statute and case law." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004).

"[A]n extremely deferential standard of review" is appropriate in the context of arbitral awards "[t]o encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Indeed, "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). The award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* STI sought to vacate the original award on the ground that the arbitrator failed to produce a reasoned award as required by the parties' agreement. The district court agreed that the award was not a reasoned award. STI argues that, at that point, both the doctrine of functus officio and the FAA barred the district court from ordering a remand for a reasoned award. STI also argues that the resulting amended award was again not reasoned and reflected a manifest disregard of the law. We address each of these arguments in turn.

## I.    The Original Award

"The *functus officio* doctrine dictates that, once arbitrators have fully exercised their authority to adjudicate the issues submitted to them, their authority over those questions is ended, and the arbitrators have no further authority, absent agreement by the parties, to redetermine those issues." *T.Co Metals*, 592 F.3d at 342 (internal quotation marks and alterations omitted). "The traditional rationale underlying this rule is that it is necessary to prevent re-examination of an issue by a nonjudicial officer potentially subject to outside communication and unilateral influence." *LLT Int'l, Inc. v. MCI Telecomms. Corp.*, 69 F. Supp. 2d 510, 515 (S.D.N.Y. 1999) (internal quotation marks omitted).

This Circuit recognizes several exceptions to this doctrine. For example, when an arbitration award is ambiguous, the district court may remand to the arbitrators for clarification. *See N.Y. Bus Tours, Inc. v. Kheel*, 864 F.2d 9, 12 (2d Cir. 1988) ("When an arbitration award provides no clear instruction as to how a court asked to enforce the award should proceed, the court should remand to the arbitrator for guidance."); *Ams. Ins. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir. 1985) ("Although judicial review of an arbitration award is very narrowly limited, a court should not attempt to enforce an award that is ambiguous or indefinite." (citations omitted)). We also "recogniz[e] an exception

12

to functus officio where an arbitral award fails to address a contingency that later

arises or when the award is susceptible to more than one interpretation." *Gen. Re*

*Life Corp. v. Lincoln Nat'l Life Ins. Co.*, 909 F.3d 544, 548 (2d Cir. 2018) (internal

quotation marks omitted).

Ours is not the only Circuit to recognize such exceptions. The Third Circuit

recognizes at least three:

> (1) an arbitrator can correct a mistake which is apparent
> on the face of his award, (2) where the award does not
> adjudicate an issue which has been submitted, then as
> to such issue the arbitrator has not exhausted his
> function and it remains open to him for subsequent
> determination, and (3) where the award, although
> seemingly complete, leaves doubt whether the
> submission has been fully executed, an ambiguity arises
> which the arbitrator is entitled to clarify.

*Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 332 (3d Cir. 1991)

(internal quotation marks and citations omitted); *see also Green v. Ameritech Corp.*,

200 F.3d 967, 977 (6th Cir. 2000) (noting that "[t]he doctrine of *functus officio*

contains several exceptions").

While the issue of whether a court may remand for an arbitrator to

produce a reasoned award is an open question in our Circuit, several of our cases

contain dicta indicating that, in similar circumstances, remand is the proper

remedy. In *Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees International Union, AFL-CIO*, the panel found itself without jurisdiction to review the appeal of a district court order remanding to the arbitrator to correct a miscalculation of damages. *See* 954 F.2d 794, 797 (2d Cir. 1992). The parties agreed that the arbitrator miscalculated the damages, and the district court remanded to the arbitrator to reconsider the damages award. In dismissing for lack of jurisdiction, we noted that:

> If this case were within our appellate jurisdiction at this time, we would face the substantial question whether the district court's remand order exceeded the limited scope of review available to a court asked to enforce or vacate an arbitration award. *Though some narrow authority to return a matter to an arbitrator may exist where the arbitration task has not been fully performed or where the uncertainty of an award requires clarification*, that authority does not extend to obliging the arbitrator to revisit an issue because of a court's disagreement with its resolution.

*Id.* (emphasis added).

Similarly, in *Siegel v. Titan Industrial Corp.*, we observed that district courts have the power to remand to the arbitrator "to clarify the meaning or effect of an award." 779 F.2d 891, 894 (2d Cir. 1985). Thus:

> Where, as here, an arbitrator's award appears to have
> been reached on the basis of a precise mathematical
> calculation, it is desirable, and in some cases may be
> necessary, to know the basis for the calculations
> underlying the award. A remand for clarification in
> such circumstances would not improperly require
> arbitrators to reveal their reasons, but would instead
> simply require them to fulfill their obligation to explain
> the award sufficiently to permit effective judicial
> review.

*Id.* In *Hardy v. Walsh Manning Securities, L.L.C.*, we recognized that we may

"remand to the [arbitrator] for purposes broader than a clarification of the terms

of a specific remedy. That is, we have the authority to seek a clarification of

whether an arbitration panel's intent in making an award evidences a manifest

disregard of the law." 341 F.3d 126, 134 (2d Cir. 2003) (internal quotation marks

and alterations omitted); *see also Tully Constr. Co./A.J. Pegno Constr. Co., J.V. v.*

*Canam Steel Corp.*, No. 13 Civ. 3037, 2015 WL 906128, at *20 (S.D.N.Y. Mar. 2,

2015) (remanding to the arbitrator for the "purposes of issuing a 'reasoned

award'" and concluding "the doctrine of *functus officio* presents no impediment

to that approach").

This is consistent with the approach suggested by our sister Circuits that

have considered the issue. In *Green v. Ameritech Corp.*, the Sixth Circuit vacated a

district court's finding that the arbitrator failed to provide a reasoned award, but

noted that had it affirmed, remand would be the proper remedy. *See* 200 F.3d at

977-78. The Sixth Circuit stated:

> [I]n this case the district court adjudged the arbitrator's
> task incompletely executed. Remanding to [the
> arbitrator] under these circumstances would not
> implicate any of the concerns underlying the *functus*
> *officio* doctrine, as he would simply be completing his
> duties by clarifying his reasoning, not reopening the
> merits of the case. Therefore, if the district court were
> correct in its conclusion that [the arbitrator] failed to
> explain his award, the proper remedy would have been
> a remand to the same arbitrator for clarification.

*Id.* (citation omitted); *see also Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842

n.9 (11th Cir. 2011) (in dicta, "not[ing] approvingly that a sister circuit, when

faced with a nearly identical factual scenario, deemed the doctrine inapplicable

and remand to the original arbitrators appropriate" (citing *Green*, 200 F.3d at

976–78)).

Where, as here, a district court determines that the arbitrator failed to

produce an award in the form agreed to by the parties, remand for a properly

conformed order is a permissible choice. It simply makes no sense to redo an

entire arbitration proceeding over an error in the form of the award issued after

16

the hearing. *See Gen. Re Life Corp.*, 909 F.3d at 549 (finding exception to the

functus officio doctrine to promote "the twin objectives of arbitration: settling

disputes efficiently and avoiding long and expensive litigation"). Nor does a

remand in such circumstances undermine the functus officio doctrine's purpose,

which is to prevent arbitrators from changing their rulings after issuance due to

outside influence by an interested party. *See, e.g.*, *Colonial Penn*, 943 F.2d at 331-32

("The policy underlying this general rule is an unwillingness to permit one who

is not a judicial officer and who acts informally and sporadically, to re-examine a

final decision which he has already rendered, because of the potential evil of

outside communication and unilateral influence which might affect a new

conclusion." (internal quotation marks omitted)); *Glass, Molders, Pottery, Plastics*

*& Allied Workers Int'l Union, AFL–CIO, CLC, Loc. 182B v. Excelsior Foundry Co.*, 56

F.3d 844, 847 (7th Cir. 1995) ("Once they return to private life, arbitrators are less

sheltered than sitting judges, and it is feared that disappointed parties will

bombard them with ex parte communications and that the arbitrators, not being

professional judges or subject to the constraints of judicial ethics, will yield . . .

.").

1    Indeed, the rationale for a remand under these circumstances is consistent

2    with this Circuit's exception to the functus officio doctrine for remand of an

3    ambiguous award for clarification.[1] It is well-settled in this Circuit that, "when

4    asked to confirm an ambiguous award, the district court should instead remand

5    to the arbitrators for clarification." *Gen. Re Life Corp.*, 909 F.3d at 549. An

6    arbitrator may issue a clarification of an ambiguous award if: "(1) the final award

7    is ambiguous; (2) the clarification merely clarifies the award rather than

8    substantively modifying it; and (3) the clarification comports with the parties'

9    intent as set forth in the agreement that gave rise to arbitration." *Id.* That aligns

10    with what occurred here: the original award was found not to provide the

11    reasoned award the parties bargained for; in its amended award, the arbitrator

---

[1] There is some confusion as to whether the district court found the arbitrator exceeded his authority. *Compare Smarter Tools I*, 2019 WL 1349527, at *4 ("Because the parties here agreed that the award should be 'reasoned,' the arbitrator exceeded his authority in issuing an award that does not meet the standard of a reasoned opinion."), *with Smarter Tools II*, 2021 WL 766258, at *1 ("The Court held that the arbitrator did not exceed his authority or manifestly disregard the law, but that the brief award—which did not even mention STI's argument that SENCI had promised to deliver CARB-compliant generators— failed to provide a 'reasoned award' as the parties had contracted for in their arbitration agreement."). We need not reconcile these two statements, as we find the district court properly remanded here regardless of whether the arbitrator exceeded his authority or not.

18

clarified the original award by including a rationale for rejecting STI's

counterclaims; and this clarification is consistent with the parties' intent that the

arbitrator issue a reasoned award.

**II.    FAA Sections 10 and 11**

Nor are we persuaded by STI's argument that vacatur was the only option

available to the district court under the FAA. "Section 10 lists grounds for

vacating an award, while § 11 names those for modifying or correcting one." *Hall*

*St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

Section 10(a)(4) of the FAA provides that arbitrators' awards may be

vacated "where the arbitrators exceeded their powers, or so imperfectly executed

them that a mutual, final, and definite award upon the subject matter submitted

was not made." 9 U.S.C. § 10(a)(4). Because the FAA establishes a strong

presumption in favor of enforcing an arbitration award, and an award is

presumed valid unless proved otherwise, the court's inquiry under Section

10(a)(4) "focuses on whether the arbitrators had the power, based on the parties'

submissions or the arbitration agreement, to reach a certain issue, not whether

the arbitrators correctly decided that issue." *Westerbeke Corp. v. Daihatsu Motor*

*Co.*, 304 F.3d 200, 220 (2d Cir. 2002). Our Court has "consistently accorded the

narrowest of readings" to Section 10(a)(4). *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009). Vacatur was necessary where, for example, the arbitrators exceeded their powers by determining the rights of a corporation not party to the arbitration, *see, e.g., Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Pan., S.A.*, 312 F.2d 299, 300–01 (2d Cir. 1963), or awarded for events not governed by the arbitration agreement, *see, e.g., In re Arb. Between Melun Indus., Inc. & Strange*, 898 F. Supp. 990, 994-95 (S.D.N.Y. 1990).

Applying the strong presumption in favor of enforcing an arbitration award, the arbitrator's failure to render a reasoned award does not fall within a narrow reading of Section 10(a)(4) and did not require vacatur of the original award. The question was whether the arbitrator's original award was reasoned; there was no question that the arbitrator here had the power to reach the issues addressed.

Rather, the failure to provide a reasoned award best fits under Section 11 of the FAA, which allows a court to "make an order modifying or correcting the award . . . [w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(c); *see also Com. Risk Reinsurance Co. v. Sec. Ins. Co. of Hartford*, 526 F. Supp. 2d 424, 431 (S.D.N.Y. 2007) ("To the extent

the Award may reflect a deficiency not touching the merits to the controversy regarding liability, the Court has authority to correct it so as to 'effect the intent thereof and promote justice between the parties.'" (quoting 9 U.S.C. § 11)). Where, as here, the parties agree that the arbitrator will produce a reasoned award, the failure to provide one renders the award "imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(c). Remand for the arbitrator to produce an award in a form consistent with the parties' agreement both "effect[s] the intent" of the parties and "promote[s] justice" between them, consistent with Section 11. *See id.* § 11. We thus find no error in the district court's decision to remand for the production of a reasoned award, rather than vacating the original award and forcing the parties to begin anew.

STI next argues that the amended award was not a reasoned award. A reasoned award includes "something short of findings of fact and conclusions of law but more than a simple result." *Leeward Constr. Co. v. Am. Univ. of Antigua–Coll. of Med.*, 826 F.3d 634, 638, 640 (2d Cir. 2016) (internal quotation marks and alterations omitted). It requires "something more than a line or two of unexplained conclusions, but something less than full findings of fact and conclusions of law on each issue raised before the panel." *Id.* at 640. "A reasoned

1   award sets forth the basic reasoning of the arbitral panel on the central issue or

2   issues raised before it. It need not delve into every argument made by the

3   parties." *Id.*

4        Judged against that standard, the amended award is a reasoned award.

5   The arbitrator provided both reasons and a rationale for denying STI's claims,

6   including (1) the record evidence supports a finding that STI ordered, and

7   stipulated to having ordered, EPA-certified generators; (2) STI did not submit

8   evidence the arbitrator found credible to support its claim that the generators it

9   ordered were to be both EPA and CARB certified; and (3) that STI's evidence that

10  the parties agreed to additional contract terms that were not in the purchase

11  orders was simply not credible.

12  **III.    Manifest disregard of the law**

13       STI's arguments that the district court also erred in not concluding that the

14  arbitrator acted in manifest disregard of the law are similarly groundless. We

15  review de novo the district court's application of the manifest disregard standard

16  to an arbitration award. *See T.Co Metals*, 592 F.3d at 339. "A litigant seeking to

17  vacate an arbitration award based on alleged manifest disregard of the law bears

18  a heavy burden, as awards are vacated on grounds of manifest disregard only in

those exceedingly rare instances where some egregious impropriety on the part

of the arbitrator is apparent." *Id*. (internal quotation marks, citations, and

alterations omitted). An arbitration award manifestly disregards the law only if

"(1) the arbitrators knew of a governing legal principle yet refused to apply it or

ignored it altogether, and (2) the law ignored by the arbitrators was well-defined,

explicit, and clearly applicable to the case." *Porzig*, 497 F.3d at 139.

An award should be enforced, "despite a court's disagreement with it on

the merits, if there is a *barely colorable justification* for the outcome reached." *T.Co*

*Metals*, 592 F.3d at 339. A "barely colorable justification" exists so long as the

arbitrators had reasoning on which they "could have justifiably rested their

decision." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103

F.3d 9, 13–14 (2d Cir. 1997) (finding that an offered justification satisfied the

"barely colorable" standard because it presented no error "that an average

person qualified to serve as an arbitrator should have instantaneously perceived

and corrected").

STI argues that the arbitrator failed to apply the provisions of the UN

Convention on Contracts for the International Sale of Goods (the "CISG")

pertaining to oral contracts and specification of goods by display of a model or

exemplar, and that this failure constitutes a manifest disregard of the law. This

argument is not supported by the record. As the district court aptly concluded,

"[t]he arbitrator was free to determine that STI's evidence of an oral contract was

not credible or was not enough to support an inference that SENCI agreed to

product specifications not included in the purchase orders." *Smarter Tools II*, 2021

WL 766258, at *2. The amended award more than satisfies the "barely colorable

justification" standard.

## CONCLUSION

We have examined the remainder of STI's arguments and find them to be

without merit. For the reasons given above, we affirm.